Mr. Justice Nott
delivered the opinion of the court:
If the oath of the plaintiff himself, taken in this way had been offered, I think it could not have been received ; because the books in such case, are the principal evidence, and the oath of the party only suppletory. And the evidence of the books depends principally upon the fairness and regularity with which they have been kept. It is necessary, therefore, that they should be produced for the inspection of the court. But when the account is proved by a disinterested witness, the entries in the books are nothing more than memorada by which to refresh his memory. By refreshing his memory, is not to be understood that the memoranda must bring to his recollection, that every article was actually delivered. They can only inform him that he made the entries, and enable him, therefore, to say that he delivered the articles at the time. And in this case, the witness not only swears that he made the entries, but that according to the best of his re *430 collection, ho delivered the goo chi. Also suppose they bad bee i articles delivered bv a farmer, such as corn, flour, pork, col ton, &c. might they aot have been proved in this way ? And a merchants accounts may be proved according to t^e rules of the common law as well as any other, when he is prepared with common law testimony, for that purpose. The case of Doe dem Church vs. Perkins & al. (3 D. & E. 751,) does not militate against the rule here laid down. There (he witness came into court with the copy of a memorandum in his hand, and he could only -¡wear to facts from the copy which he had, But the court said he must refer to the original and not to a copy, unless he could recollect and swear from memory independent of the memorandum. The witness in the present case, had the books hefore him, and proved the account from the original entries made with his own hand and then immediately under his eye.
Stark, for the motion.
McCord <5’ Preston, contra.
■The motion is therefore refused.
Justices Colcock, Richwrdson, Huger and Johnson* concurred.